J-S45005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAFIYQ HARDING | : | |
| | : | |
| Appellant | : | No. 1697 EDA 2016 |

Appeal from the Judgment of Sentence January 20, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011285-2014

BEFORE:   GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 29, 2017**

Appellant, Rafiyq Harding, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of firearms not to be carried without a license and carrying firearms on public streets in Philadelphia.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history.  Therefore, we have no reed to restate them.

Appellant raises the following issues for our review:

> IS THE EVIDENCE SUFFICIENT AS A MATTER OF LAW TO
> SUSTAIN APPELLANT'S CONVICTION FOR THE CRIMES OF
> 18 PA.C.S.A. §§ 6106 AND 6108 AS THE EVIDENCE DOES
> NOT ESTABLISH THAT [APPELLANT] CONSTRUCTIVELY

_____

[1] 18 Pa.C.S.A. §§ 6016(a)(1), 6108, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

POSSESSED A FIREARM RECOVERED FROM A VEHICLE WHERE: (A) THERE IS NO PHYSICAL, FORENSIC, OR SCIENTIFIC EVIDENCE ESTABLISHING [APPELLANT'S] POSSESSION OR USE OF A FIREARM; (B) THE FIREARM WAS RECOVERED FROM A VEHICLE THAT WAS NOT OWNED BY, OR REGISTERED TO, [APPELLANT]; (C) [APPELLANT] WAS NOT IN THE VEHICLE WHEN POLICE SEARCHED THE VEHICLE AND RECOVERED THE FIREARM; (D) THE FIREARM WAS RECOVERED FROM THE BACK SEAT OF THE VEHICLE AND [APPELLANT] WAS NEVER SEEN IN THE BACKSEAT OF THE VEHICLE; AND, (E) [APPELLANT] WAS NEVER SEEN PUTTING ANYTHING INTO THE VEHICLE, INCLUDING THE FIREARM RECOVERED BY POLICE?

IS THE VERDICT FOR ALL CRIMES OF 18 PA.C.S.A. §§ 6106 AND 6108 AGAINST THE WEIGHT OF THE EVIDENCE AND SO CONTRARY TO THE EVIDENCE THAT IT SHOCKS ONE'S SENSE OF JUSTICE AS THE EVIDENCE DOES NOT ESTABLISH THAT [APPELLANT] CONSTRUCTIVELY POSSESSED A FIREARM RECOVERED FROM A VEHICLE WHERE: (A) THERE IS NO PHYSICAL, FORENSIC, OR SCIENTIFIC EVIDENCE ESTABLISHING [APPELLANT'S] POSSESSION OR USE OF A FIREARM; (B) THE FIREARM WAS RECOVERED FROM A VEHICLE THAT WAS NOT OWNED BY, OR REGISTERED TO, [APPELLANT]; (C) [APPELLANT] WAS NOT IN THE VEHICLE WHEN POLICE SEARCHED THE VEHICLE AND RECOVERED THE FIREARM; (D) THE FIREARM WAS RECOVERED FROM THE BACK SEAT OF THE VEHICLE AND [APPELLANT] WAS NEVER SEEN IN THE BACKSEAT OF THE VEHICLE; AND, (E) [APPELLANT] WAS NEVER SEEN PUTTING ANYTHING INTO THE VEHICLE, INCLUDING THE FIREARM RECOVERED BY POLICE?

DID THE TRIAL COURT ERR WHEN IT DENIED APPELLANT'S PRE-TRIAL MOTION TO DISMISS PURSUANT TO PA.R.CRIM.P. 600?

IS THE SENTENCE IMPOSED IN THIS MATTER UNDULY HARSH, EXCESSIVE AND UNREASONABLE UNDER THE CIRCUMSTANCES WHERE IT IS ABOVE THE RECOMMENDED/STANDARD RANGE OF THE SENTENCING GUIDELINES, AND THE [SENTENCING] COURT FAILED TO

- 2 -

TAKE INTO ACCOUNT ALL RELEVANT AND NECESSARY FACTORS TO BE CONSIDERED BY A SENTENCING COURT, AND/OR IMPOSED A SENTENCE BASED UPON FACTORS OR EVIDENCE WHICH SHOULD NOT BE RELIED UPON BY A SENTENCING COURT?

(Appellant's Brief at 8-9).[2]

A challenge to the sufficiency of the evidence implicates the following legal principles:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

_____

[2] For purposes of disposition, we have reordered Appellant's issues.

Regarding our standard of review for a challenge to the weight of the evidence, we observe:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Champney**, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). "A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." **Commonwealth v. Lyons**, 622 Pa. 91, 116, 79 A.3d 1053, 1067 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 1792, 188 L.Ed.2d 761 (2014). "[C]redibility determinations are made by the fact finder and…challenges thereto go to the weight…of the evidence." **Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa.Super. 1997).

Section 6106 of the Pennsylvania Uniform Firearms Act describes in pertinent part the offense of firearms not to be carried without a license:

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.—**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). Section 6108 defines the offense of carrying firearms on public streets in Philadelphia in relevant part as follows:

**§ 6108. Carrying firearms on public streets or public property in Philadelphia**

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm….

18 Pa.C.S.A. § 6108(1).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Giovanni O. Campbell, we conclude Appellant's sufficiency and weight issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's first two claims. (***See*** Trial Court Opinion, filed November 14, 2016, at 6-10 partially unpaginated) (finding: police saw Appellant exit vehicle, close door to vehicle, and walk around to passenger side of vehicle; through vehicle window police observed gun inside vehicle in plain view; police recovered from vehicle documents containing Appellant's

name; evidence showed Appellant was in possession and control of vehicle; Appellant's nervous behavior and denial of contact with vehicle demonstrated Appellant's consciousness of guilt; under totality of circumstances, evidence was sufficient to establish Appellant's knowledge of and constructive possession of gun to sustain Appellant's firearm convictions; VUFA verdicts were not contrary to evidence and did not shock court's sense of justice). The record supports the court's rationale. Accordingly, concerning Appellant's frist two issues, we affirm on the basis of the trial court's opinion.

In his third issue, Appellant argues his speedy trial rights were violated when trial commenced over a year after the Commonwealth filed its criminal complaint. Appellant contends the trial court incorrectly calculated the number of days of delay attributable to Appellant. Appellant avers the Commonwealth's delay in timely completing a ballistics report was not excusable. Appellant concludes the trial court should have granted his Rule 600 motion. We disagree.

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." ***Commonwealth v. Hunt***, 858 A.2d 1234, 1238 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005).

> The proper scope of review…is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

\* \* \*

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Id.* at 1238-39 (internal citations and quotation marks omitted).

Rule 600 provides, in pertinent part:

**Rule 600. Prompt Trial**

(A) Commencement of Trial; Time for Trial

\* \* \*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a). "Rule 600 generally requires the Commonwealth

to bring a defendant…to trial within 365 days of the date the complaint was filed." ***Hunt, supra*** at 1240. To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion for relief. ***Id.*** at 1243.

"The mechanical run date is the date by which the trial must commence under Rule 600." ***Commonwealth v. McNear***, 852 A.2d 401, 406 (Pa.Super. 2004).

> It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on which the criminal complaint is filed. The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

***Id.***

In the context of Rule 600, "excludable time" is differentiated from "excusable delay" as follows:

> "Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at the request of the defendant or the defendant's attorney. "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

***Hunt, supra*** at 1241 (internal citations and footnote omitted).

> If the defense does indicate approval or acceptance of the continuance, the time associated with the continuance is excludable under Rule 600 as a defense request. Significantly, when the defendant signs the Commonwealth's motion for postponement and registers no objection to the postponement…the signed consent without objection can be interpreted as consent to the new date….

*Id.* *See also Commonwealth v. Peterson*, 19 A.3d 1131, 1137 (Pa.Super. 2011) (*en banc*), *affirmed*, 615 Pa. 587, 44 A.3d 655 (2012) (stating: "A joint continuance is excludable").

Delay caused by a co-defendant does not constitute excludable time. *Commonwealth v. Hill*, 558 Pa. 238, 261-62, 736 A.2d 578, 590-91 (1999). Delay associated with a co-defendant may be excusable, however, if the Commonwealth acted with due diligence and the delay was beyond its control. *Id.* at 263, 736 A.2d at 591 (stating: "Even where a [speedy trial] violation…has occurred, the motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and…the circumstances occasioning the postponement were beyond the control of the Commonwealth") (internal quotation marks omitted).

"Where a defendant is unrepresented and does not waive counsel, the defendant is considered to be unavailable." *Commonwealth v. Anderson*, 959 A.2d 1248, 1251 (Pa.Super. 2008). "If an actual delay in the case occurs because the defendant appears for proceedings in connection with his case without defense counsel and such defendant is financially capable of retaining counsel, the delay is excludable time." *Commonwealth v. Roles*,

116 A.3d 122, 127 (Pa.Super. 2015), *appeal denied*, 633 Pa. 786, 128 A.3d 220 (2015) (internal quotation marks omitted).

Under Rule 600, "a defendant on bail who fails to appear at a court proceeding, of which he has been properly notified, is deemed unavailable from the time of that proceeding until he is subsequently apprehended or until he voluntarily surrenders himself." **Commonwealth v. Baird**, 919 A.2d 258, 260 (Pa.Super. 2007), *affirmed*, 601 Pa. 625, 975 A.2d 1113 (2009). "Absent exceptional circumstances…, notice to defense counsel constitutes reasonable notice for the purpose of determining a defendant's unavailability under Rule 600." **Commonwealth v. Baird**, 601 Pa. 625, 635, 975 A.2d 1113, 1119 (2009).

Generally, "delays caused by pretrial motions constitute excludable time where the pretrial motion renders the defendant unavailable." **Hill, supra** at 250, 736 A.2d at 585.

> However, the mere filing of a pretrial motion by a defendant does not automatically render him unavailable. Rather, a defendant is only unavailable for trial if a delay in the commencement of trial is caused by the filing of the pretrial motion. If a delay is created, in order to establish that the delay is excludable, the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion.

***Id.*** at 254-55, 736 A.2d at 587 (internal citations and footnote omitted).

> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a

**reasonable** effort has been put forth.

*Commonwealth v. Brown*, 875 A.2d 1128, 1138 (Pa.Super. 2005), *appeal denied*, 586 Pa. 734, 891 A.2d 729 (2005) (quoting *Hunt, supra* at 1241-42) (emphasis in original). Further, the issuance of a writ ordering prison authorities to bring a defendant to court demonstrates due diligence. *Commonwealth v. Mines*, 797 A.2d 963, 965 (Pa.Super. 2002), *appeal denied*, 571 Pa. 705, 812 A.2d 1229 (2002).

Instantly, the Commonwealth filed the complaint against Appellant and a co-defendant on June 21, 2014. Therefore, the initial Rule 600 mechanical run date was June 21, 2015. On July 8, 2014, and August 19, 2014, the court granted co-defendant's requests to continue the preliminary hearing, which the court ultimately continued to September 11, 2014. The record indicates the Commonwealth appeared and was ready to proceed on both July 8, 2014, and August 19, 2014. Thus, the delay between July 8, 2014, and September 11, 2014, constituted 65 days of excusable delay. *See Brown, supra*; *Hill, supra*. The adjusted trial run date for Rule 600 purposes became August 25, 2015.

The parties appeared for the preliminary hearing on September 11, 2014. Upon second call of the list, however, Appellant had been returned to custody and the Commonwealth's police officer witnesses and co-defendant's counsel were unavailable. The court continued the preliminary hearing to October 3, 2014. Nothing in the record suggests the Commonwealth was

unable to proceed upon first call of the list on September 11th. As the Commonwealth had no control of the court's schedule or its decision to delay proceedings on September 11th, the delay between September 11, 2014, and October 3, 2014, constituted 22 days of excusable delay. *See Brown, supra*; *Hill, supra*. The adjusted trial run date for Rule 600 purposes became September 16, 2015. Ultimately, Appellant's preliminary hearing occurred on October 3, 2014, when the Commonwealth severed Appellant's case from co-defendant's case. On October 4, 2014, Appellant posted bail.

At the arraignment on October 24, 2014, the court continued the proceeding to allow Appellant to retain private counsel. On November 13, 2014, Appellant again received a continuance until December 4, 2014, to obtain counsel. The delay between October 24, 2014, and December 4, 2014, constituted 41 days of excludable time. *See Roles, supra*; *Hunt, supra*. The adjusted trial run date for Rule 600 purposes became October 27, 2015.

On December 4, 2014, counsel entered an appearance on behalf of Appellant. That same day, counsel requested a continuance for further investigation, which the court granted until December 18, 2014. On December 18, 2014, counsel again requested a continuance, which the court granted until January 15, 2015. The delay between December 4, 2014, and January 15, 2015, constituted 42 days of excludable time. *See id.* The delay yielded an adjusted trial run date of December 8, 2015.

On January 15, 2015, Appellant failed to appear for a pretrial conference. That same day, the court issued a bench warrant for Appellant and revoked Appellant's bail. On January 29, 2015, Appellant returned to custody, and the court lifted the bench warrant and rescheduled the pretrial conference for February 26, 2015. The delay between January 15, 2015, and January 29, 2015, constituted 14 days of excludable time. **See Baird, supra**; **Hunt, supra**. The adjusted trial run date for Rule 600 purposes became December 22, 2015. As the Commonwealth had no control over the court's schedule, the delay between January 29, 2015, and February 26, 2015, constituted 28 days of excusable delay. **See id.** The delay yielded an adjusted trial run date of January 19, 2016.

On February 26, 2015, prison authorities failed to bring Appellant to court for a pretrial conference. As a result, the court continued the conference to March 26, 2015. The record does not demonstrate a writ ordering prison authorities to bring Appellant to court on February 26, 2015, had been issued. Therefore, the delay between February 26, 2015, and March 26, 2015, does not constitute excludable time or excusable delay. **See Mines, supra**.

On March 26, 2015, prison authorities again failed to bring Appellant to court, and the court continued the pretrial conference to May 5, 2015. The record indicates the clerk of courts had prepared a writ ordering prison authorities to bring Appellant to court on March 26, 2016. Thus, the delay

between February 26, 2015, and May 5, 2015, constituted 40 days of excusable time. *See id.* The adjusted trial run date for Rule 600 purposes became February 28, 2016.

At the pretrial conference on May 5, 2015, the Commonwealth requested a continuance to complete a ballistics report. The court granted the Commonwealth a continuance and scheduled trial for August 31, 2015. The record indicates Appellant was unavailable for trial between August 17, 2015, and August 31, 2015. When the Commonwealth requested a continuance on May 5, 2015, Appellant's case had been pending for nearly two years. The record does not establish and the Commonwealth does not explain why it had not completed a ballistics report prior to May 5, 2015. Thus, the Commonwealth fails to meet its burden of establishing: (1) it acted with due diligence in completing the ballistics report; and (2) its inability to complete the report before May 5, 2015, was beyond its control. *See Hill, supra*; *Brown, supra*. The delay between May 5, 2015, and August 17, 2015, did not constitute excludable time or excusable delay. *See Hill, supra*. The delay between August 17, 2015, and August 31, 2015, due to Appellant's unavailability, however, constituted 14 days excludable time. *See Hunt, supra*. The 14-day delay yielded an adjusted trial run date of March 13, 2016.

On August 31, 2015, the parties jointly requested a continuance. The court granted the continuance and scheduled trial for November 3, 2015.

The delay between August 31, 2015, and November 3, 2015, constituted 64 days excludable time. *See Peterson, supra*. The adjusted trial run date for Rule 600 purposes became May 16, 2016. On November 3, 2015, Appellant filed several pretrial motions, including a Rule 600 motion. That same day, the court conducted a hearing on Appellant's motions. The Commonwealth appeared at the November 3rd hearing and opposed Appellant's motions. The court continued trial to November 4, 2015. This delay amounted to 1 day of excludable time, and the adjusted trial run date became May 17, 2016. *See Hill, supra*.

The following chart summarizes the delays prior to trial:

| DATES | ACTIVITY | DAYS DELAY | EXCLUDABLE OR EXCUSABLE | ADJUSTED RUN DATE |
|---|---|---|---|---|
| 7/8/14-8/19/14 | Preliminary hearing; Appellant's co-defendant requested continuance. | 42 | Excusable; co-defendant requested continuance; Commonwealth ready to proceed | **8/2/15** |
| 8/19/14-9/11/14 | Preliminary hearing; Appellant's co-defendant's counsel was unavailable. | 23 | Excusable; co-defendant's counsel was unavailable; Commonwealth ready to proceed | **8/25/15** |
| 9/11/14-10/3/14 | Preliminary hearing; police officers were unavailable, Appellant had been placed back into custody, and co-defendant's counsel was unavailable. | 22 | Excusable; all parties unavailable upon second call of court's list | **9/16/15** |

- 15 -

| | | | | |
|---|---|---|---|---|
| 10/24/14-11/13/14 | Arraignment; court continued proceeding to permit Appellant to retain private counsel. | 20 | Excludable; continuance to permit Appellant to retain counsel | **10/6/15** |
| 11/13/14-12/4/14 | Arraignment; court granted Appellant's request for a continuance to retain counsel. | 21 | Excludable; Appellant requested continuance | **10/27/15** |
| 12/4/14-12/18/14 | Defense counsel entered appearance; court granted Appellant's request for a continuance to conduct further investigation. | 14 | Excludable; Appellant requested continuance | **11/10/15** |
| 12/18/14-1/15/15 | Court granted Appellant's request for a continuance to conduct further investigation. | 28 | Excludable; Appellant requested continuance | **12/8/15** |
| 1/15/15-1/29/15 | Pretrial conference; Appellant failed to appear; court issued bench warrant for Appellant. | 14 | Excludable; Appellant failed to appear | **12/22/15** |
| 1/29/15-2/26/15 | Bench warrant hearing; court lifted bench warrant and set pretrial conference for 2/26/15. | 28 | Excusable; court's rescheduling of conference was beyond control of Commonwealth | **1/19/16** |
| 2/26/15-3/26/15 | Pretrial conference; court continued conference because Appellant was not brought down from custody. | 28 | No; Appellant not brought down; no writ issued on record | 1/19/16 |
| 3/26/15-5/5/15 | Pretrial conference; court continued case because Appellant was not brought down from custody. | 40 | Excusable; Appellant not brought down; clerk of courts had issued writ | **2/28/16** |

| 5/5/15-8/17/15 | Pretrial conference; court granted Commonwealth's request for a continuance. | 104 | No; Commonwealth requested continuance | 2/28/16 |
|---|---|---|---|---|
| 8/17/15-8/31/15 | Appellant unable to appear between 8/17/15 and 8/31/15. | 14 | Excludable; Appellant unable to appear | **3/13/16** |
| 8/31/15-11/3/15 | Pretrial conference; parties jointly requested a continuance. | 64 | Excludable; joint request for continuance | **5/16/16** |
| 11/3/15-11/4/15 | Scheduled trial date; Appellant filed several motions; court conducted hearing on Appellant's motions and continued trial to 11/4/15. | 1 | Excludable; Appellant filed several motions on the scheduled trial date | **5/17/16** |

Appellant's trial commenced on November 4, 2015, long before the adjusted run date of May 17, 2016. Therefore, Appellant did not have a viable speedy trial claim before trial commenced, and his Rule 600 motion was premature. *See Hunt, supra*. Thus, Appellant's third issue fails.

In his fourth issue, Appellant argues the sentencing court imposed Appellant's sentence based in part on the court's belief Appellant had a violation of the Uniform Firearms Act ("VUFA") conviction that predated the current offenses. Appellant avers the court misconstrued the date of Appellant's separate VUFA conviction. Appellant contends he was convicted of a distinct VUFA offense after the date of the current offenses. Appellant concludes the court imposed an excessive and unreasonable sentence. Appellant's challenge is to the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating

claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). Additionally, the failure to raise an issue in a court-ordered Rule 1925(b) statement results in waiver of the issue on appeal. ***Commonwealth v. Poncala***, 915 A.2d 97, 100 (Pa.Super. 2006), *appeal denied*, 594 Pa. 678, 932 A.2d 1287 (2007).

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)).

As a preliminary matter, Appellant did not object at sentencing, in his post-sentence motion, and in his Rule 1925(b) statement on the ground that his sentence is excessive and harsh because the court based the sentence on, *inter alia*, Appellant having a VUFA conviction that predated the current VUFA offenses. Instead, in his post-sentence motion, Appellant claimed the sentence exceeded both the applicable guideline range and the Commonwealth's recommended sentence. (*See* Post-Sentence Motion, filed 1/21/16, at 3). In his Rule 1925(b) statement, Appellant contended the sentence was above the aggravated range, the court failed to consider all relevant and necessary sentencing factors, and the court based the sentence on impermissible information. (*See* Rule 1925(b) Statement, filed 6/20/16, at 2-3, unpaginated; R.R. attached to Appellant's Brief at B). Thus,

Appellant waived his sentencing challenge for purposes of our review. ***See Poncala***, ***supra***; ***Mann***, ***supra***.

Moreover, even if Appellant had properly preserved his sentencing issue, the record belies his contention. At sentencing, the court set forth its rationale for imposing Appellant's sentence as follows:

> THE COURT: For completeness, I'll mark as Court-1 [Appellant]'s secure criminal history, which indicates a disposition date of June 18, 2015, …of riot plan, using a firearm or weapon, felony of the third degree, as well as VUFA [Section] 6106.
>
> On November 11, 2014, …[Appellant] entered a guilty plea to submitting materially false statement in the purchase, delivery, or transfer of a firearm. There is a DUI that counsel has mentioned with a disposition of the same date. And finally, we have the present conviction[s] for VUFA under [Sections] 6106 and 6108.
>
> I've considered the arguments of both counsel, the presentence [investigation] report, the sentencing guidelines form in this case.
>
> \* \* \*
>
> I've considered the arguments of both counsel, the sentencing guidelines form in this case, the facts and circumstances of the offense, [Appellant]'s criminal record, …the Commonwealth's sentencing memorandum.
>
> \* \* \*
>
> So in addition to everything else, I've considered [Appellant]'s allocution.
>
> I'll consider as a mitigating factor…[Appellant]'s completion of that program while he's in custody.
>
> But I find aggravating factors in this case that justify a sentence that's above the guidelines—call for it, as a

- 20 -

matter of fact.

> Overall, the guidelines in this case fail to fully represent [Appellant]'s criminal history. That includes, but is not limited to, his history of absconding, which demonstrates, if nothing else, that he's not a good candidate for supervision, [Appellant]'s attempts to procure a firearm after he had already had a conviction for VUFA. That's most telling. And it confirms the comment on the presentence [investigation] report that he shows a persistence to carry firearms.

> There's no question that VUFA violations are repeated in [Appellant]'s relatively short criminal history. ….

(N.T. Sentencing Hearing, 1/20/16, at 18-22).

At sentencing, the court did not state Appellant had VUFA convictions at the time he committed the current offenses. Rather, the court noted the Appellant's criminal record demonstrated Appellant had a history of carrying firearms. Therefore, even if Appellant had properly preserved his sentencing claim, he would not be entitled to relief. **See Hyland, supra**. Accordingly, we affirm. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 9/29/2017*

- 21 -